UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JASON BOTELHO, individually and on behalf of all those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br><br><br> DYNASTY GUNITE POOLS, LLC, <br><br> Defendant. | Case No.: <br><br><br><br> Jury Trial Demanded <br><br> Collective Action Pursuant to <br> 29 U.S.C. § 216(b) |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Jason Botelho ("Botelho," "Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, alleges as follows:

### SUMMARY

1. This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), brought by Plaintiff on behalf of himself and others similarly situated individuals against Defendant Dynasty Gunite Pools, LLC ("Defendant" or "Dynasty"), for failing to pay them overtime wages owed in violation of the FLSA. Defendant does not pay construction workers overtime compensation until they hit more than 45 hours in a workweek, even though construction workers should be paid for overtime compensation for hours in excess of 40 hours in a workweek. Defendant only pays construction workers straight time pay until they exceed more than 45 hours of work in a single workweek. Plaintiff seeks to recover unpaid overtime compensation, liquidated damages, interest, attorneys' fees, costs, and all other relief to which he and similarly situated employees are entitled.

1

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a claim pursuant to the FLSA.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant transacts business in this District and a substantial part of the events giving rise to this action occurred in this District.

## PARTIES

### *Plaintiffs*

4. Plaintiff, Jason Botelho, is an adult resident of Riverside, Rhode Island. For approximately 8-9 years, beginning in or around 2000, Mr. Botelho has worked as a construction worker for Defendant's pool business, doing business in Massachusetts, Connecticut, and Rhode Island. Plaintiff was not paid overtime compensation until he had hit more than 45 hours in a single workweek, as opposed to being paid overtime compensation for hours he worked in excess of 40 in a workweek.

5. At all relevant times, as an employee of Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

6. Botelho's consent to be a party plaintiff is attached as Exhibit 1.

7. The class of similarly situated employees consists of:

**All Construct Workers employed by Dynasty Gunite Pools, LLC in the past three years who were not paid overtime for more than 40 hours worked in a workweek.**

### *Defendant*

8. Defendant Dynasty Gunite Pools, LLC is a limited liability company based in Swansea, Massachusetts. Defendant does business in Massachusetts, Connecticut and Rhode Island.

9. At all relevant times, Dynasty was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

10. At all relevant times, Dynasty has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

11. At all relevant times, Dynasty has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all relevant times, Dynasty achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

13. Defendant issued paychecks to Plaintiff and similarly situated employees during their employment.

14. Defendant directed the work of Plaintiff and similarly situated employees and benefited from work performed that Defendant suffered or permitted from them.

15. Defendant failed to pay Plaintiff and similarly situated employees overtime compensation for hours they worked for Defendant's benefit in excess of 40 hours in a workweek under the Fair Labor Standards Act.

**FACTUAL ALLEGATIONS**

16. Plaintiff worked for Defendant as a construction worker. Plaintiffs' primary duty was to travel to job sites in Defendant's company truck and complete heavy construction work using rigs, cement, and steel.

17. From the beginning of Plaintiff's employment to present, Defendant paid Plaintiff an hourly rate of $20 an hour.

18. Plaintiff received pay checks from Defendant on a weekly basis.

19. Defendant tracks Plaintiff's hours by requiring him to punch in and out on a time card.

20. Additionally, Plaintiff is allowed to punch in before driving the company truck to the job site, but is required to punch out right after leaving the job site and before dropping the truck back off- leaving morning travel time paid, but travel time home unpaid.

21. At all relevant times, Plaintiff and other construction workers were paid on a hourly basis, and were not paid overtime compensation for hours they worked over 40 in a workweek. They were only paid overtime compensation for hours they worked over 45 in a workweek.

22. During the relevant time period, as a matter of company policy and practice, Plaintiff and other construction workers regularly worked more than 40 hours per week and were not paid the correct overtime compensation.

23. Through its unlawful actions, Defendant deprived Plaintiff and other construction workers of overtime wages owed to them.

24. Defendant acted willfully in failing to pay overtime compensation to Plaintiff and other construction workers for hours they worked over 40 in a workweek. Defendant knew or should have known that construction workers were required to be classified as non-exempt employees under the FLSA and paid overtime compensation for hours worked over 40 in a workweek.

**COLLECTIVE ACTION ALLEGATIONS**

25. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings his FLSA claims on behalf of all similarly situated individuals who have worked for Defendant in the United States for Defendant as construction workers, have not received overtime wages owed to them during the three-year

period prior to the filing of the Complaint, and who may choose to "opt in" to this case under the FLSA, 29 U.S.C. § 216(b).

26. The claims under the FLSA meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

27. Dynasty has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

28. All potential opt-in plaintiffs are similarly situated, because they were all employed by Dynasty as construction workers, primarily performed the same or similar job duties, Dynasty classified all of them as exempt under the FLSA and did not pay them overtime, and Dynasty's compensation practices are uniform as to all potential plaintiffs, and result in the alleged violation of the FLSA.

## COUNT I - FAIR LABOR STANDARDS ACT

29. Plaintiff realleges and incorporates by reference Paragraphs 1-28 as if alleged fully here.

24. As set forth above, Defendant's failure to pay overtime compensation to employees who have worked for Defendant as construction workers and who have not received overtime compensation during the three-year period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207. This claim is brought by the named Plaintiff on behalf of himself and all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

25. Defendant's failure to pay Plaintiff and other similarly situated employees in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

## JURY DEMAND

26. Plaintiff demands a trial by jury on all of his claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Authorization to notify similarly situated employees of their right to opt in to this action under 29 U.S.C. § 216(b);

B. An award of all damages for unpaid wages and compensation that are due to the named Plaintiff and all similarly situated employees under the FLSA;

C. An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

D. A finding that Defendant's violations of the FLSA have been willful and that, therefore, the statute of limitations for the FLSA claim is three years;

E. Attorneys' fees and costs;

F. Pre- and post-judgment interest; and

G. Any other relief to which the named Plaintiff and similarly situated individuals may be entitled.

Dated: October 21, 2019                                Respectfully submitted,

*/s/ Sergei Lemberg*_____
Sergei Lemberg
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250 x5528
Facsimile: (203) 653-3424
slemberg@lemberglaw.com

*Attorney for Plaintiff*