## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **JASON BOTELHO, individually** | ) | |
| **and on behalf of all those similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No.: 1:19-cv-12160-IT** |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **DYNASTY GUNITE POOLS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Jason Botelho ("Botelho," "Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, alleges as follows:

### SUMMARY

1.     This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), the Massachusetts Wages Act ("MWA"), M.G.L. c. 149, §§ 148, 150, the Rhode Island Payment of Wages Act ("RIPWA"), and unjust enrichment, brought by Plaintiff on behalf of himself and others similarly situated individuals against Defendant Dynasty Gunite Pools, LLC ("Defendant" or "Dynasty"), for failing to pay them overtime wages owed in violation of the FLSA, MWA and RIPWA. Defendant does not pay construction workers overtime compensation until they hit more than 45 hours in a workweek, even though construction workers should be paid for overtime compensation for hours in excess of 40 hours in a workweek. Defendant only pays construction workers straight time pay until they exceed more than 45 hours of work in a single work week. Plaintiff seeks to recover unpaid overtime compensation, liquidated damages, interest, attorneys' fees, costs, and all other relief to which he and similarly situated employees are entitled.

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a claim pursuant to the FLSA.

3.      In addition, the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) as they are directly related to the FLSA claim and based on Defendant's same practice of failing to pay owed overtime wages.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant transacts business in this District and a substantial part of the events giving rise to this action occurred in this District.

## PARTIES

### *Plaintiffs*

5.      Plaintiff, Jason Botelho, is an adult resident of Riverside, Rhode Island. For approximately 8-9 years, beginning in or around 2000, Mr. Botelho has worked as a construction worker for Defendant's pool business, doing business in Massachusetts, Connecticut, and Rhode Island. Plaintiff was not paid overtime compensation until he had hit more than 45 hours in a single workweek, as opposed to being paid overtime compensation for hours he worked in excess of 40 in a workweek.

6.      At all relevant times, as an employee of Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

7.      Botelho's consent to be a party plaintiff is attached as Exhibit 1.

8.      The class of similarly situated employees consists of:

**All Construction Workers employed by Dynasty Gunite Pools, LLC in the past three years who were not paid overtime for more than 40 hours worked in a workweek.**

*Defendant*

9.      Defendant Dynasty Gunite Pools, LLC is a limited liability company based in Swansea, Massachusetts. Defendant does business in Massachusetts, Connecticut and Rhode Island.

10.     At all relevant times, Dynasty was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

11.     At all relevant times, Dynasty has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

12.     At all relevant times, Dynasty has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13.     At all relevant times, Dynasty achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

14.     Defendant issued paychecks to Plaintiff and similarly situated employees during their employment.

15.     Defendant directed the work of Plaintiff and similarly situated employees and benefitted from work performed that Defendant suffered or permitted from them.

16.     Defendant failed to pay Plaintiff and similarly situated employees overtime compensation for hours they worked for Defendant's benefit in excess of 40 hours in a workweek under the Fair Labor Standards Act.

## FACTUAL ALLEGATIONS

17.     Plaintiff worked for Defendant as a construction worker. Plaintiff's primary duty was to travel to job sites in Defendant's company truck and complete heavy construction work using rigs, cement, and steel.

18.     From the beginning of Plaintiff's employment to present, Defendant paid Plaintiff an hourly rate of $20 an hour.

19.     Plaintiff received pay checks from Defendant on a weekly basis.

20.      Defendant tracks Plaintiff's hours by requiring him to punch in and out on a timecard.

21.     Additionally, Plaintiff is allowed to punch in before driving the company truck to the job site, but is required to punch out right after leaving the job site and before dropping the truck back off- leaving morning travel time paid, but travel time home unpaid.

22.     At all relevant times, Plaintiff and other construction workers were paid on a hourly basis, and were not paid overtime compensation for hours they worked over 40 in a workweek. They were only paid overtime compensation for hours they worked over 45 in a workweek.

23.     During the relevant time period, as a matter of company policy and practice, Plaintiff and other construction workers regularly worked more than 40 hours per week and were not paid the correct overtime compensation.

24.     Through its unlawful actions, Defendant deprived Plaintiff and other construction workers of overtime wages owed to them.

25.     Defendant acted willfully in failing to pay overtime compensation to Plaintiff and other construction workers for hours they worked over 40 in a workweek. Defendant knew or

should have known that construction workers were required to be classified as non-exempt employees under the FLSA and paid overtime compensation for hours worked over 40 in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

26.     Pursuant to 29 U.S.C. § 216(b), Plaintiff brings his FLSA claims on behalf of all similarly situated individuals who have worked for Defendant in the United States for Defendant as construction workers, have not received overtime wages owed to them during the three-year period prior to the filing of the Complaint, and who may choose to "opt in" to this case under the FLSA, 29 U.S.C. § 216(b).

27.     The claims under the FLSA meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

28.     Dynasty has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

29.     All potential opt-in plaintiff are similarly situated, because they were all employed by Dynasty as construction workers, primarily performed the same or similar job duties, Dynasty classified all of them as exempt under the FLSA and did not pay them overtime, and Dynasty's compensation practices are uniform as to all potential plaintiffs, and result in the alleged violation of the FLSA.

## CLASS ACTION ALLEGATIONS

30.     Mr. Botelho brings this action on behalf of himself and a class of similarly situated employees of Dynasty, pursuant to Mass. Civ. P. Rule 23, and M.G.L. c. 149, § 150. The Class he seeks to represent is similarly situated because they are employed by Dynasty and are or were subjected to the same payment practice.

31.     The proposed Class is defined as follows:

**All individuals who: (1) are or have been previously employed by Dynasty Gunite Pools, LLC, in Massachusetts, Rhode Island and Connecticut during the relevant statute of limitations period; (2) are or were classified by Defendant as hourly employees; (3) were scheduled by Defendant to work shifts; (4) reported to duty for those shifts; (5) were not paid for overtime compensation for hours in excess of 40 hours in a workweek.**

32.     Excluded from the Class are the Defendant, its parent companies, subsidiaries, and affiliates; any co-conspirators; federal government entities and instrumentalities of the federal government; states and its subdivisions, agencies, and instrumentalities; and any judicial officer presiding over this matter and his or her staff.

33.     Membership of the Class is so numerous that joinder of all members is impracticable. The Class is comprised of at least hundreds of Dynasty employees throughout Massachusetts, Rhode Island and Connecticut. The Class, however, is readily identifiable from information and records in the possession, custody, or control of Defendant.

34.     The claims of Mr. Botelho are typical of the Class. Dynasty engaged in uniform course of conduct wherein Dynasty would not pay its employees the correct amount of overtime wages until they worked more than 45 hours. Mr. Botelho would work in the same manner as the Class, and Dynasty determined Mr. Botelho's wages in the same manner as the Class. Accordingly, Mr. Botelho and the Class were harmed by Dynasty's unlawful conduct in the same manner.

35.     Botelho's claims and those of the Class involve common questions of law and fact, including: 1) whether Dynasty had a policy and practice of not paying its employees the correct amount of overtime in excess of 40 hours; 2) whether this policy and practice violated the FLSA, Massachusetts Wage Act, the Rhode Island Payment of Wages Act; 3) whether Dynast was unjustly enriched as a result of its failure to pay Plaintiff and the Class overtime wages; 4)

whether Mr. Botelho and the Class are entitled to damages and/or restitution; and 5) whether Mr. Botelho and the Class are entitled to injunctive relief.

36. These common questions predominate over any questions affecting only individual Class members.

37. Mr. Botelho will fairly and adequately protect the interest of the Class because he has no interest antagonistic to, or in conflict with, the Class he seeks to represent. Furthermore, Mr. Botelho has retained counsel experience and competent in class action litigation.

38. Class action treatment is a superior method for the fair and efficient adjudication of this controversy, in that, among other things, such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplications of evidence, effort, expense or the possibility of inconsistent or contradictory judgments that numerous individual actions would engender.

39. Mr. Botelho knows of no difficulty to be encountered in the maintenance of this action that would preclude its maintenance as a class action.

## <u>COUNT I - FAIR LABOR STANDARDS ACT</u>

40. Plaintiff incorporates by reference each and every preceding paragraph as if fully restated herein.

41. As set forth above, Defendant's failure to pay overtime compensation to employees who have worked for Defendant as construction workers and who have not received overtime compensation during the three-year period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207.

42.     This claim is brought by the named Plaintiff on behalf of himself and all other similarly situated employees pursuant to 29 U.S.C. § 216(b).

43.     Defendant's failure to pay Plaintiff and other similarly situated employees in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

## COUNT II – VIOLATION OF THE MASSACHUSETTS WAGE ACT, M.G.L. C. 149, §§ 148, 150

44.     Plaintiff incorporates by reference each and every preceding paragraph as if full stated herein.

45.     The Massachusetts Wage Act requires employers to pay employees for all hours worked. M.G.L. c. 149, §§ 148, 150.

46.     Defendant violated and continues to violate the Massachusetts Wage Act by failing to pay employees the requirement overtime wages for all hours worked in excess of forty hours in a workweek during the three-year period preceding the filing of this Complaint.

47.     Defendant's failure to pay Plaintiff and the Class overtime wages amounts to a failure to pay Plaintiff and the Class the wages earned by them as mandated under M.G.L. c. 149, § 148, and as such, is unlawful.

48.     Plaintiff and the Class are entitled to recover their lost wages for all hours worked in excess of forty in a workweek where they were not paid overtime.

49.     In addition, Plaintiff and the Class are entitled to treble damages under Mass. Gen. Law ch. 149 § 150. 50.

50.     Plaintiff and the Class are further entitled to injunctive relief. M.G.L. c. 149, § 150. This Court should issue an injunction requiring Defendant to pay its employees overtime for all hours worked in excess of forty in a workweek.

## COUNT III - RHODE ISLAND PAYMENT OF WAGES ACT, R.I. GEN. LAWS § 28-12-1, ET SEQ., AND R.I. GEN. LAWS § 28-14-1, ET SEQ. 168

51.     Plaintiff incorporates by reference each and every preceding paragraph as if fully restated herein.

52.     Defendant, by its acts and/or omissions, including, but not limited to, those described herein, violated the Rhode Island Payment of Wages Act ("RIPWA") by failing to pay wages and overtime wages as provided therein, thereby causing Plaintiffs and Class Plaintiffs to suffer damages as aforesaid, for which they are entitled to relief pursuant to R.I. Gen. Laws § 28-14-19.2

## COUNT IV – UNJUST ENRICHMENT

53.     Plaintiff incorporates by reference each and every preceding paragraph as if fully restated herein.

54.     By failing to pay Plaintiff and the Class all owed overtime wages in exchange for the work performed by Plaintiff and the Class, Defendant was unjustly enriched at the expense of Plaintiff and the Class.

55.     Retention of the benefits would be unjust and inequitable under the circumstances.

56.     Defendant should be required to pay Plaintiff and the Class restitution, in an amount to be determined by the Court.

57.     Plaintiff and the Class are further entitled to injunctive relief.

## JURY DEMAND

Plaintiff demands a trial by jury on all of his claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Authorization to notify similarly situated employees of their right to opt in to this action under 29 U.S.C. § 216(b);

B. An award of all damages for unpaid wages and compensation that are due to the named Plaintiff and all similarly situated employees under the FLSA, the Massachusetts Wage Act and the RIPWA;

C. An award of liquidated damages pursuant to 29 U.S.C. § 216(b) and R.I. Gen. Laws § 28-14-19.2;

D. A finding that Defendant's violations of the FLSA have been willful and that, therefore, the statute of limitations for the FLSA claim is three years;

E. Treble damages under Mass. Gen. Law ch. 149 § 150. 50.

F. Attorneys' fees and costs;

G. Pre- and post-judgment interest;

H. Injunctive relief; and

I. Any other relief to which the named Plaintiff and similarly situated individuals may be entitled.

Dated: December 4, 2019                    Respectfully submitted,

*/s/ Sergei Lemberg*
Sergei Lemberg
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250 x5528
Facsimile: (203) 653-3424
slemberg@lemberglaw.com

*Attorney for Plaintiff*